**SCHIFFMAN LAW OFFICE, P.C.**
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@SchiffmanLaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rhonda Pigati,<br><br>                    Plaintiff,<br>vs.<br><br>Life Insurance Company of North America; Long-Term Disability Plan of Grand Canyon Education, Inc. d/b/a Grand Canyon University; and Group Life Insurance Plan of Grand Canyon Education, Inc., dba Grand Canyon University,<br><br>                    Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Rhonda Pigati ("Pigati") alleges as follows:

**JURISDICTION AND VENUE**

1.      Pigati is a resident of Yavapai County, Arizona.

2.      Defendant Life Insurance Company of North America ("LINA") is an insurance company with its principal place of business in Pennsylvania. LINA is authorized to do business in Yavapai County, Arizona.

3.      LINA is a plan fiduciary as that term is defined by the Employee Retirement Income Security Act of 1974 ("ERISA").

4.      Defendant Long-Term Disability Plan of Grand Canyon Education, Inc. d/b/a Grand Canyon University ("LTD Plan") is a purported ERISA benefit plan established and

maintained by Grand Canyon Education, Inc. d/b/a Grand Canyon University ("GCU") for the benefit of its employees.

5. Defendant Group Life Insurance Plan of Grand Canyon Education, Inc. d/b/a Grand Canyon University ("Life Plan") is a purported ERISA benefit plan established and maintained by GCU for the benefit of its employees.

6. GCU is the Plan Administrator and a Plan Fiduciary as that term is defined by ERISA.

7. This Court has jurisdiction over the Defendants pursuant to 29 U.S.C. § 1132, and because the Plan and LINA have caused events to occur in Arizona out of which Pigati's claims arise.

8. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

9. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

10. The LTD Plan's and Life Plan's benefits are paid for and administered by LINA.

11. LINA is the Claim Administrator and is a Plan Fiduciary as defined by ERISA for the LTD Plan and Life Plan.

**GENERAL ALLEGATIONS**

12. The LTD Plan provided certain GCU employees with LTD benefits, which were funded by the purchase of an insurance policy by GCU.

13. Under the terms of the LTD Plan, Pigati is entitled to benefits for the first 24 months when LINA determines that she is unable to perform the material duties of her Regular Occupation solely because of injury or sickness and unable to earn 80% or more of her indexed earnings from working in her Regular Occupation.

14. At all relevant times, Pigati was a GCU employee, became a covered individual under the LTD Plan and the Life Plan, and remained continuously employed until her disability rendered her unable to work in her regular occupation as an Human Resources Business Partner on September 12, 2014.

15. After the first 24 months of disability, the LTD Plan defines disability as the inability to perform the material duties of any occupation for which she is, or may reasonably become, qualified based on education, training or experience, and unable to earn 60% or more of her indexed earnings.

16. The LTD Plan also limits benefit to a 24-month time frame for certain disabilities, including disabilities caused by or contributed to by mental/nervous conditions. The LTD plan limits benefits to 24 months for the following conditions:

- Anxiety disorders
- Delusional (paranoid) disorders
- Depressive disorders
- Eating disorders
- Mental illness
- Somataform disorders (psychosomatic illness)

17. LINA initially paid Pigati benefits beginning on December 13, 2012 and then terminated her LTD benefits on October 18, 2013. Pigati appealed LINA's adverse benefits decision and LINA eventually reversed its decision to terminate Pigati's LTD benefits and resumed paying LTD benefits to Pigati in May 2014.

18. LINA again terminated Pigati effective December 12, 2014 and indicated that she had exhausted the 24 month Mental or Nervous Disorders provision of the Plan. Throughout the history of Pigati's LTD claim, Pigati's physicians have stated that she suffers from several debilitating physical conditions, but LINA contends Pigati's disability was the result of a mental nervous condition and, therefore was subject to a maximum benefit period of 24 months.

19. LINA ignored the evidence supplied by Pigati's that established her disability was the result of degenerative disc disease, lumbar stenosis, radiculopathy, myofascial pain, and tarsal tunnel syndrome. Pigati's diagnoses of depression and anxiety are comorbidities and are the result of her chronic physical pain.

20. Pigati's physicians provided evidence to LINA that she was permanently disabled and her conditions would only worsen over time and were not expected to improve.

21. The Life Plan defines disability as the inability "to perform all the material duties of any occupation which he or she may reasonably become qualified based on education, training or experience.

22. The Life Plan provides for continuation of Pigati's Group Life Benefit of $50,000 by waiving the premium for the insurance if she is disabled. LINA approved Pigati's premium waiver on May 28, 2014, retroactively to June 15, 2013.

23. LINA terminated the premium waiver. Pigati appealed the decision and her appeal was denied on March 20, 2015.

24. The material and substantial duties of Pigati's occupation that she was unable to perform, include, but are not limited to:

- Ability to work a regular, 40 hour work week;
- Ability to concentrate and focus on challenging tasks and details;
- Ability to engage in complex problem solving; and
- Ability to be in constant contact with customers and coworkers.

25. Pigati was diagnosed with Tarsal Tunnel Syndrome, Morton's Neuroma, tendonitis, and Complex Regional Pain Syndrome (aka Reflex Sympathetic Dystrophy).

26. Pigati became disabled on September 14, 2012, and remains disabled from any occupation for which she is qualified based on education, training or experience and for which she could earn 60% of her pre-disability indexed earnings.

27. LINA terminated Pigati's claim on December 3, 2014. Pigati appealed and submitted additional records and statements from her primary physicians and specialists on February 18, 2015. LINA denied Pigati's first level of appeal on May 15, 2015.

28. Pigati submitted her second appeal to LINA on November 10, 2015. LINA issued its denial of Pigati's second and final level of appeal on April 15, 2016.

29. Pigati is entitled to 60% of her predisability earnings per month in long-term disability benefits from December 13, 2014 through the present under the terms of the Plan and Policy. At the time of Pigati's disability she was earning $5,500.13 per month.

30. The Social Security Administration found Pigati was disabled effective March 1, 2013. Her monthly Social Security benefit of $2,223.30 offsets her LTD Plan benefits. Therefore, her monthly LTD disability benefit is $1,077.

31. Pigati is owed benefits from December 14, 2014 through age 65, the LTD Plan's maximum benefit period

32. LINA issued its final denial on April 15, 2016.

33. Pigati has satisfied all the jurisdictional prerequisites to filing a claim in federal court.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

34. Pigati incorporates and realleges all previous allegations.

35. Neither the LTD Plan nor the Life Plan contains discretionary language, therefore Pigati is entitled to de novo review.

36. Pigati became disabled on September 14, 2012, and remains unable to perform the duties of any other occupation for which she is qualified based on education, training or experience and for which she would earn 60% of her pre-disability indexed earnings.

37. Despite the coverage of Pigati's long-term disability, LINA terminated LTD benefits after paying LTD benefits for over six years in breach of the Plan. This breach was

arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

38. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Pigati is entitled to recover all benefits due under the terms of the LTD Plan, and to enforce her rights under the terms of the Plan.

39. Pigati is entitled to a continued waiver of premium under the terms of the Life Plan. The Life Plan does not contain a limitation for mental/nervous conditions.

40. The LTD Plan's decision concedes that Pigati remains disabled; but concludes her disability is the result of a mental/nervous condition.

41. Pursuant to 29 U.S.C. § 1132(g), Pigati is entitled to recover her attorneys' fees and costs incurred herein from GCU, the LTD Plan and the Life Plan.

42. Pigati is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Pigati prays for entry of judgment against Defendants as follows:

A. For all past benefits due Pigati under the terms of the LTD Plan;

B. For a declaration that she continues to be entitled to the premium waiver under the Life Plan;

C. For an award of Pigati's attorneys' fees and costs incurred herein;

D. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

E. For such other and further relief as the Court deems just and reasonable.

Dated this 3rd day of March 2017.

                                SCHIFFMAN LAW OFFICE, P.C.

                                By: */s/ Lisa J. Counters*
                                       Lisa J. Counters